**KEOGH LAW OFFICE**
301 Frank H. Cushing Way, Apt. 801
Tamuning, Guam 96913
Phone: (671) 472-6895
Mobile: (671) 777-6895
Email: rlk@guam.net

Attorneys for Plaintiff

**IN THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| **ALEXANDER ALLEN,** by and through his Guardian Ad Litem SCOTT ALLEN,<br><br>Plaintiff,<br><br>v.<br><br>**HYATT REGENCY RESORT GUAM and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA,**<br><br>Defendants. | CIVIL CASE NO._____<br><br><br><br><br>**COMPLAINT** |

**INTRODUCTION**

1. This is an action for damages for the bodily injuries suffered by plaintiff Alexander Allen from a water slide on Guam caused by the negligence of defendant Hyatt Regency Guam (hereinafter "the Hyatt") in the design, installation, maintenance and operation of its water slide and its immediately surrounding premises.

**JURISDICTION**

2. This court has jurisdiction pursuant to the provisions of 28 U.S.C. §1332.

**PARTIES**

3. Plaintiff Alexander Allen is a minor individual and is a resident of the State of Michigan. He is represented herein by his father, Scott Allen, as Guardian Ad Litem.

4. On information and belief, defendant Hyatt Regency Resort Guam is a Guam corporation duly licensed to do business on Guam (hereinafter "Hyatt").

5. Defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania (hereinafter "National Union") is an insurance company licensed to do business on Guam.

**FACTS**

6. Plaintiff believes and therefore alleges that at all relevant times herein, the defendant Hyatt owned, designed, installed water slides, operated and maintained the water park resort within its hotel premises known as the Hyatt Regency Resort Guam located in Tumon, Guam.

7. On or about July 14, 2020, plaintiff was a guest at the Hyatt with his siblings and parents.

8. At all relevant times herein, plaintiff was at the Hyatt's water park resort as an invitee or patron. While sliding down one of the water slides, plaintiff suffered a traumatic amputation of his left hand small finger at the distal interphalangeal joint

2

which has resulted in a permanent disfigurement.

9. Defendant Hyatt had a duty to exercise due care in the design, installation, operation and maintenance of its water slide and surrounding premises so as not to expose its patrons to an unreasonable risk of harm. At the time and place set forth above, defendant Hyatt breached this duty in the following ways:

   a. Defendant knew or in the exercise of reasonable care should have known that the water slides were not designed and/or installed properly;

   b. Defendant knew or in the exercise of reasonable care should have known that the slides were not or were inadequately monitored by lifeguards;

   c. Defendant failed to provide adequate warning to guests of the hazards associated with riding the water slide;

   d. Defendant failed to inspect the water slide to ensure that it was safe for its intended use;

   e. Defendant did not properly instruct patrons on the proper and safe use of the water slide;

   f. Defendant did not take adequate measures to supervise and monitor its patrons.

3

10. Defendant Hyatt knew, or in the exercise of reasonable care should have known, of the conditions described above.

11. The conduct and omissions of defendant is presumed to be negligent because:

   a. The traumatic amputation of a finger from a water slide ordinarily would not have happened unless someone was negligent;

   b. The traumatic amputation of a finger was caused by something that only defendants controlled; and

   c. Plaintiff's voluntary action of going down the slide did not cause or contribute to his finger's traumatic amputation.

12. As a direct and proximate result of the negligence of defendant Hyatt as described above, at the time and place set forth above plaintiff's ride down a water slide resulted in a traumatic amputation of his left hand small finger at the distal interphalangeal joint.

**FIRST CLAIM – PERSONAL INJURY**

13. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 12 of the Complaint herein.

4

14. As a direct and proximate result of the negligence of defendant Hyatt, plaintiff suffered damages for his injuries including, but not limited to, traumatic amputation of his left hand small finger at the distal interphalangeal joint necessitating emergency medical treatment, which has caused and will continue to cause severe pain and suffering, mental anxiety, disfigurement, inconvenience, permanent physical impairment and loss of enjoyment of life.

15. As a further direct and proximate result of the negligence of defendant Hyatt, plaintiff has incurred and will continue to incur medical and incidental expenses in an amount to be proven at trial.

16. As a further direct and proximate result of the negligence of defendant Hyatt, plaintiff has suffered and will continue to suffer replacement services loss.

**SECOND CLAIM - DEFENDANT NATIONAL UNION**

17. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 12 and 14 through 16 of the Complaint herein.

18. At all relevant times herein, defendant Hyatt was insured by a liability insurance policy issued by defendant National Union covering liability for claims such as those set forth above. Said insurance policy was in full force and effect at all relevant times herein.

19. Pursuant to the coverage contained in said insurance policy, and pursuant to 22 GCA §18305, plaintiff is entitled to maintain a direct action against defendant National Union upon the terms and limits of the policy and, accordingly, plaintiff is entitled to recover against National Union in an amount equal to any judgment recovered against defendant Hyatt up to applicable policy limits.

**WHEREFORE**, plaintiff prays for relief as follows:

    1. General damages of $2,500,000.00 for the personal injury of plaintiff;

    2. Damages for past, present and future medical care of plaintiff in an amount to be proven at trial;

    3. Costs of suit; and

    4. Such other relief as the Court may deem just and proper.

**KEOGH LAW OFFICE**
Attorneys for Plaintiff

DATE: January 15, 2021    BY: */s/ Robert L. Keogh*
        **ROBERT L. KEOGH**