# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALEXANDER ALLEN, by and through his Guardian Ad Litem SCOTT ALLEN,<br><br>        Plaintiff,<br><br>        vs<br><br>P.H.R. MICRONESIA, INC., d/b/a HYATT REGENCY GUAM HOTEL and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA,<br><br>        Defendants. | CIVIL CASE NO. 21-0008<br><br><br><br><br>**ORDER ON MOTION TO DISMISS** |

      This matter is before the court on Defendants' Motion to Dismiss First Amended Complaint. ECF No. 13. Plaintiff is a minor who suffered an injury to his pinky finger when going down a waterslide at the Hyatt Regency Guam Hotel, and has sued both the Hyatt and the Hyatt's insurer. Defendants have filed a motion to dismiss, arguing that Plaintiff's First Amended Complaint does not sufficiently meet the amount in controversy requirement as required by 28 U.S.C. § 1332(a). Pursuant to Federal Rule of Civil Procedure 78(b), the court finds oral argument unnecessary and will analyze the motion on the submitted briefing alone.[1]

---

[1] Defendants had previously filed another motion to dismiss (ECF No. 6), but Plaintiff subsequently filed his First Amended Complaint (ECF No. 8). However, shortly before Defendants filed their second motion to dismiss (ECF No. 13), Plaintiff filed several more documents (ECF Nos. 10, 11, 12) responding to Defendant's first motion to

The sole issue before the court is whether the First Amended Complaint adequately alleges that the matter in controversy exceeds the sum or value of $75,000.00. *See* 28 U.S.C. § 1332(a). Defendants argue that it does not, as Plaintiff's alleged damages are "nakedly excessive" and "so far out of bounds for a pinky fingertip injury as to call into question whether it was made in good faith." ECF No. 14 at 6.

The court finds these arguments unpersuasive. Defendants may be ultimately correct that Plaintiff will not recover more than $75,000.00 for the injury to his pinky finger, but for purposes of determining jurisdiction, "[t]he inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the [court's] jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Here, the case was originally filed in federal court, and thus the relevant standard is a simple "mechanical test" where the court "simply reads the ad damnum clause of the complaint to determine whether the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997) (internal quotations omitted).[2] In such cases, "[t]he sum claimed by the plaintiff controls so long as the claim is made in good faith. To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000) (internal quotations omitted).

---

dismiss (ECF No. 6). Defendants argue that the court should not consider these documents, as they related to a motion made moot by Plaintiff's First Amended Complaint. Generally, the filing of an amended complaint moots out pending motions to dismiss, *see Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015), unless the amended complaint is "substantially identical to the original complaint." *Oliver v. Alcoa, Inc.*, No. C16-0741JLR, 2016 WL 4734310, at *2 (W.D. Wash. Sept. 12, 2016). Here, the two complaints are substantially identical, with exception to the newly added portion related to the amount in controversy. Thus, the court deems the arguments unrelated to the amount in controversy issue as moot but will consider all other arguments in all briefings which relate to the amount in controversy issue.

[2] As noted by Plaintiffs, many of the cases that Defendants cite to the contrary concern removal jurisdiction which requires a far more exacting standard. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), *quoting Red Cab Co.*, 303 U.S. at 288–290.

Plaintiff's First Amended Complaint states the following:

> The amount in controversy is over $75,000.00 because the plaintiff's claim is for damages for a serious bodily injury consisting of a traumatic amputation of the distal phalanx of his left little finger that has resulted in permanent disfigurement and physical disability which has been given a 22% whole person impairment rating.

ECF No. 8 at 2:19-28. While Defendants argue that a pinky finger injury cannot possibly relate to a 22% impairment rating, Defendants do not contest that Plaintiff, in fact, suffered an injury to his hand, nor point to any Guam law that caps Plaintiff's recoverable damages as a matter of law. As the court cannot conclude with "legal certainty that the claim is really less than the jurisdictional amount to justify dismissal," *Red Cab Co.*, 303 U.S. at 288–89, Defendants' motion to dismiss is **HEREBY DENIED**.

**FURTHERMORE, THE COURT ORDERS THE FOLLOWING**:

- The parties shall appear before the Magistrate Judge assigned to this case for a scheduling conference on June 22, 2021 at 9:30 a.m.

- The parties shall meet and confer and thereafter file, no later than June 15, 2021, a Scheduling and Planning Conference Report.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
   **Chief Judge**
**Dated: Jun 04, 2021**